```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
SHAR-RIK MOLLEY,                    :
                                    :
        Plaintiff,                  :    Civ. No. 16-2297 (NLH)
                                    :
    v.                              :    OPINION
                                    :
CHERYL DEBOSE, et al.,              :
                                    :
        Defendants.                 :
_____:

APPEARANCES:
Shar-rik Molley, #243576
Atlantic County Justice Facility
5060 Atlantic Ave.
Mays Landing, NJ 08330
    Plaintiff Pro se

Plaintiff Shar-rik Molley, an inmate currently confined at the Atlantic County Justice Facility in Mays Landing, New Jersey, filed this civil rights action asserting claims pursuant to 42 U.S.C. § 1983. Molley v. DeBose, No. 16-2297 (D.N.J. filed Apr. 25, 2016) ("Molley-III"). Plaintiff also requested to proceed in forma pauperis. (ECF No. 1-1).

I. PROCEDURAL HISTORY

In a Notice and Order dated May 23, 2016 (ECF No. 2), the Court noted that Plaintiff had filed two other civil rights actions immediately prior to filing the instant action, and that each of the three complaints appeared to be based upon the relatively same fact pattern. See Molley v. Vargas, No. 16-1920

(D.N.J. filed Apr. 6, 2016) ("Molley-I"); and Molley v. Cohen, No. 16-2165 (D.N.J. filed Apr. 18, 2016) ("Molley-II"). The Court further noted that because Plaintiff's claims against the defendants in each of the complaints appeared to be related transactionally to the claims against the defendants in each of Plaintiff's other complaints, and involved common questions of law or fact, joinder may be an option in this instance. See Fed. R. Civ. P. 20(a)(2); Favoroso v. New Jersey, No. 11-5061, 2012 WL 1372280, at *3 (D.N.J. Apr. 19, 2012).

Finally, the Court noted that Plaintiff had already been granted in forma pauperis status in Molley-II. Therefore, if the claims and defendants were joined in a single action, Plaintiff would not be required to pay any additional filing fees. In light of those considerations, the Court required a response from Plaintiff within 45 days, advising the Court, in writing, of whether he wished to proceed with one case; or whether he wished to proceed with three separate cases. Plaintiff was informed that if he chose to proceed with three separate actions, he would be responsible for the filing fee in each action; meaning that if he was granted in forma pauperis status in each case, he would pay a total of $1,050. Plaintiff was further informed that if no response was received within 45 days, the Court would continue to treat each case — Molley-I, Molley-II, and Molley-III — as a separate action.

2

Plaintiff failed to respond to the May 23, 2016 Order. Instead, on or about August 10, 2016, Plaintiff submitted a motion seeking the appointment of pro bono counsel. (ECF No. 3). Additionally, Plaintiff filed similar, but separate, motions in Molley-I and Molley-II, which indicates a desire to keep the cases separate. Accordingly, the Court shall treat each case as a separate action.

## II.   IN FORMA PAUPERIS APPLICATION

Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed in forma pauperis.

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. A prisoner who is denied in forma pauperis status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

3

Title 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis. Under § 1915, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. Id.

If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee, in installments, as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

4

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions); see also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this action, Plaintiff failed to submit a complete in forma pauperis application as required by 28 U.S.C. §

5

1915(a)(1), (2). More specifically, he does not submit an institutional account statement, certified by an appropriate official, for the six-month period immediately preceding the filing of this Complaint. See, e.g., Hairston, Sr. v. Gronolsky, 348 F. App'x 716 (3d Cir. 2009) (affirming administrative termination of prisoner civil rights action for failure to comply with requirements of § 1915); Tyson v. Youth Ventures, L.L.C., 42 F. App'x 221 (10th Cir. 2002) (affirming dismissal without prejudice of civil action where prisoner submitted only uncertified copy of institutional account statement); Johnson v. United States, 79 Fed.Cl. 769 (2007) (same). See also Rohn v. Johnston, 415 F. App'x 353, 354-55 (3d Cir. 2011) (affirming dismissal without prejudice of civil action where prisoner failed to submit the required affidavit of poverty).

To the extent Plaintiff asserts that correctional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Plaintiff's request for a certified institutional account statement and the correctional officials' refusal to comply, including the dates of such events and the names of the individuals involved.

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

III.  CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.[1]  Plaintiff will be granted leave to apply to reopen within 45 days.  An appropriate Order will be entered.

                                        __s/ Noel L. Hillman_____
                                        NOEL L. HILLMAN
                                        United States District Judge

Dated: September 13, 2016
At Camden, New Jersey

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

7