```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


_____
                                :
SHAR-RIK MOLLEY,                :
                                :
          Plaintiff,            :   Civ. No. 16-2297 (NLH)
                                :
     v.                         :   OPINION
                                :
CHERYL DEBOSE, et al.,          :
                                :
          Defendants.           :
_____:
```

APPEARANCES:
Shar-rik Molley, #243576
Atlantic County Justice Facility
5060 Atlantic Ave.
Mays Land, NJ 08330
     Plaintiff Pro se


Plaintiff Shar-rik Molley, an inmate currently confined at the Atlantic County Justice Facility in Mays Landing, New Jersey, filed this civil rights action asserting claims pursuant to 42 U.S.C. § 1983. Molley v. DeBose, No. 16-2297 (D.N.J. filed Apr. 25, 2016) ("Molley-III"), and requested to proceed in forma pauperis (ECF No. 1-1). Because this Court found Plaintiff's in forma pauperis application to be incomplete, this matter was administratively terminated on September 13, 2016. (ECF No. 5). On or about September 26, 2016, Plaintiff submitted a renewed application to proceed in forma pauperis (ECF No. 6), and the matter was reopened for review by a judicial officer.

As explained to Plaintiff in the Court's previous Opinion (ECF No. 4), pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance.  Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed in forma pauperis.

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400.  A prisoner who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee.  A prisoner who is denied in forma pauperis status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

Title 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis.  Under § 1915, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month

period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. Id.

If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee, in installments, as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions); see also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of

prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this action, Plaintiff failed to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2).  More specifically, although Plaintiff's account statement is certified by a prison official, it fails to cover the entire six-month period immediately preceding the filing of this Complaint. See, e.g., Hairston, Sr. v. Gronolsky, 348 F. App'x 716 (3d Cir. 2009) (affirming administrative termination of prisoner civil rights action for failure to comply with requirements of § 1915); Tyson v. Youth Ventures, L.L.C., 42 F. App'x 221 (10th Cir. 2002) (affirming dismissal without prejudice of civil action where prisoner submitted only uncertified copy of institutional account statement); Johnson v.

4

United States, 79 Fed.Cl. 769 (2007) (same). See also Rohn v. Johnston, 415 F. App'x 353, 354-55 (3d Cir. 2011) (affirming dismissal without prejudice of civil action where prisoner failed to submit the required affidavit of poverty).

Plaintiff states in his in forma pauperis application that he has only been confined at the Atlantic County Jail since June 28, 2016. (In Forma Pauperis App. 2, ECF No. 6). However, Plaintiff's previous in forma pauperis application, which is dated April 13, 2016, was sent from the Atlantic County Jail. See (ECF No. 1-1). Therefore, Plaintiff has been confined there, at least, since April 13, 2016. Accordingly, the account statement submitted with his present in forma pauperis application — which only dates back to June 28, 2016 — does not represent a full six-month period of accounting.

To the extent Plaintiff asserts that correctional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Plaintiff's request for a certified institutional account statement and the correctional officials' refusal to comply, including the dates of such events and the names of the individuals involved.

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

I.  CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.[1]  Plaintiff will be granted leave to apply to reopen within 45 days.  An appropriate Order will be entered.

    s/ Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

Dated: September 29, 2016
At Camden, New Jersey

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).